IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DEWITT WEBSTER
3755 North 40th Street
Milwaukee, WI 53216

      Plaintiff,

v.

MILWAUKEE COUNTY
d/b/a Milwaukee County Department
of Transportation & Public Works
901 N. 9th Street, Room 303
Milwaukee, WI 53233

      Defendant.

CIVIL ACTION NO.

Jury Trial Demanded

## COMPLAINT

NOW COMES the Plaintiff, DeWitt Webster, and as and for a cause of action against the defendant, Milwaukee County, alleges and shows to the court as follows.

### NATURE OF THE ACTION

1. This is an action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* (hereinafter "FMLA") for discrimination to redress unlawful employment practices of the defendant, Milwaukee County. Milwaukee County willfully interfered with and restrained attempts by the plaintiff, Dewitt Webster, to exercise his FMLA rights and terminated plaintiff from his employment.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims are conferred upon this Court pursuant to 29 U.S.C. §2617(a)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered in the Eastern District of Wisconsin.

## PARTIES

4. The Plaintiff, Dewitt Webster (hereinafter "Webster"), is and was at all material times to this cause of action a resident of the State of Wisconsin whose residence is located at 3755 North 40th Street, Milwaukee, WI 53216.

5. The Defendant, Milwaukee County Department of Transportation and Public Works (hereinafter "Milwaukee County"), is and was at all times material to this cause of action a corporation doing substantial and not isolated business within the State of Wisconsin with its principal place of business located at 901 N. 9th Street, Room 303, Milwaukee, WI 53233.

## PROCEDURAL POSTURE

6. On March 28, 2006, an initial hearing before the Milwaukee County Personnel Board (hereinafter "PRB") was convened regarding a one-day suspension issued on March 8, 2006 and a three-day suspension issued on March 8, 2006, both for Webster's alleged absenteeism.

7. The initial hearing before the PRB on March 28, 2006, was postponed until April 11, 2006, as personal service could not be accomplished on Webster.

8. On April 11, 2006, personal service was not accomplished on Webster and the PRB Executive Secretary asked the Board to allow for service by publication with a notice of hearing on May 23, 2006. The Board concurred.

9. The appointing authority, George Torres, Director, Department of Transportation and Public Works for Milwaukee County, issued Webster a five-day suspension on April 10, 2006, for absenteeism and also issued a ten-day suspension on April 10, 2006, for absenteeism.

10. The initial hearing before the PRB for both suspensions referenced in paragraph 8 was convened on April 25, 2006, but the PRB continued the matter for May 23, 2006, as personal service was not accomplished on Webster.

11. On April 21, April 28, and May 5, 2006, Webster was served by publication in the Daily Reporter regarding the notice of hearing before the PRB on May 23, 2006, for the suspensions referenced in paragraphs 5 and 8.

12. At the hearing on May 23, 2006, Webster's union representative, William Mollenhauer requested a continuation for a joint hearing regarding the suspensions referenced in paragraphs 5 and 8, which the Board set for August 29, 2006.

13. In reference to paragraph 11, Mr. Mollenhauer requested a new hearing date because he had been informed that a discharge had been issued by the appointing authority.

14. On April, 20, 2006, the appointing authority issued Charges for Discharge against Webster for alleged absenteeism.

15. The initial hearing before the PRB for the Charges for Discharge was convened on May 9, 2006, but personal service could not be accomplished on Webster. On April 27, May 4, and May 11, 2006, Webster was served by publication in the Daily Reporter regarding the notice of hearing before the PRB on June 6, 2006, for the Charges of Discharge.

16. In reference to paragraph 13 the appointing authority amended the Charges for Discharge against Webster on June 6, 2006, changing Webster's status from "is not suspended without pay" to "is suspended without pay." A letter of notification was sent to the parties on June 8, 2006.

17. At the PRB hearing on August 29, 2006, the Board set a new, joint hearing date regarding the four suspensions and the discharge for September 26, 2006.

18. On September 26, 2006, the PRB sustained all four of the suspensions against Webster and sustained Webster's discharge effective September 26, 2006.

## FACTS

19. In 2005 and at all times relevant, Webster was eligible for FMLA leave.

20. In 2005 and at all times relevant, Milwaukee County employed more than 50 employees in at least 20 weeks of the current or proceeding year.

21. Upon information and belief, in 2005 and at all times relevant, Webster had worked for Milwaukee for at least 1,250 hours in the preceding twelve (12) months.

22. In 2005 and at all times relevant, Webster had been employed by defendant for at least twelve (12) months.

23. In 2005 and at all times relevant, Webster had been employed at a worksite of Milwaukee County with more than 50 employees within 75 miles of that worksite.

24. Webster was employed with Milwaukee County as a Highway Maintenance Worker 1 from January 13, 1997, until September 26, 2006.

25. Webster is the parent of his daughter Doajoan Webster (hereinafter "Doajoan") under the guidelines of the FMLA. Doajoan was born with serious medical conditions and suffered seizures, strokes, growth development problems, kidney failure, and bleeding of the brain. At age five, Doajoan was recently placed on the kidney transplant list as she currently weighs over twenty pounds.

26. On January 16, 2005, Webster submitted a Request for FMLA Leave with an indicated length of *intermittent* leave from February 16, 2005, to December 31, 2005, to care for his ill daughter.

27. On January 30, 2006, Webster submitted a Request for FMLA Leave with an indicated length of intermittent leave from February 1, 2006, to December 31, 2006, to care for his ill daughter.

28. Upon information and belief, Webster's requests referenced in paragraph 26 and 27 were approved by Milwaukee County.

29. On June 29, 20005, Webster informed his supervisor, Rick Jurewicz, that he would be taking FMLA leave on June 30, 2005, to care for his daughter.

30. Upon information and belief, Webster called Milwaukee County at 7:17 a.m. on June 30, 2005, and told a County representative that he would absent due to FMLA leave.

31. In reference to paragraph 29, Webster provided Milwaukee County with a doctor note from Dr. Lisa Zettle that indicated Webster was at the hospital on June 30, 2005, to care for his daughter.

32. On or about June 30, 2005, Webster received disciplinary action in the form of counseling for alleged absenteeism.

33. On July 7, 2005, Webster received disciplinary action in the form of a written verbal warning for alleged absenteeism.

34. On July 7, 20005, Webster was at work for eight hours.

35. Upon information and belief, on October 25, 2005, Webster informed his supervisor that he would be taking FMLA leave on October 26, 2005, to care for his daughter.

36. On October 26, 2005, Webster received disciplinary action in the form of ca written reprimand for alleged absenteeism.

37. Upon information and belief, on December 28, 2005, Webster informed his supervisor that he would be taking FMLA leave on December 29, 2005, to care for his daughter.

38. Upon information and belief, on December 29, 2005, Webster called Milwaukee County to confirm his FMLA leave.

39. On December 29, 2005, Webster received disciplinary action in the form of a one-day suspension for alleged absenteeism.

40. Upon information and belief, on February 21, 2006, Webster informed his supervisor that he would be taking FMLA leave on February 22, 2006, to care for his daughter.

6
Case 2:08-cv-00481-AEG   Filed 05/30/08   Page 6 of 10   Document 1

41. Upon information and belief, Webster called Milwaukee County on February 22, 2006, to confirm his FMLA leave.

42. On February 22, 2006, Webster received disciplinary action in the form of a three-day suspension for alleged absenteeism.

43. Upon information and belief, on March 28, 2006, Webster informed his supervisor that he would be taking FMLA leave on March 29, 2006, to care for his daughter.

44. Upon information and belief, Webster called Milwaukee County on March 29, 2006, to confirm his FMLA leave.

45. On March 29, 2006, Webster received disciplinary action in the form of a five-day suspension for alleged absenteeism.

46. Upon information and belief, on April 2, 2006, Webster informed his supervisor that he would be taking FMLA leave on April 3, 2006, to care for his daughter.

47. Upon information and belief, Webster called Milwaukee County on April 3, 2006, to confirm his FMLA leave.

48. On April 3, 2006, Webster received disciplinary action in the form of a ten-day suspension for alleged absenteeism.

49. Upon information and belief, on April 4, 2006, Webster informed his supervisor that he would be taking FMLA leave on April 5, 2006, to care for his daughter.

50. On April 5, 2006, Webster received disciplinary action in the form of a suspension pending discharge for alleged absenteeism.

51. Webster was terminated September 26, 2006 for "(l) Refusing to comply with department work rules, policies, or procedures; (o) Unexcused, unauthorized or excessive absence; and (x) Interference with department work flow or department procedures."

## CAUSE OF ACTION

52. The actions of Milwaukee County, as described in paragraphs 6-51, constitute a willful violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, in that Milwaukee County knew and showed reckless disregard, because Webster requested intermittent family and medical leave to care for his daughter, when is deliberately and intentionally violated the FMLA by interfering with Mr. Webster's rights under the FMLA and by suspending and discharging Webster.

## PRAYER FOR RELIEF

A. Grant a permanent injunction against Milwaukee County and its officers, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against employees for taking leave under the FMLA.

B. Order Milwaukee County to institute and carry out policies, practices and programs which provide proper observation of the provisions of the FMLA and which eradicate the effects of its past and present unlawful employment practices.

C. Order Milwaukee County to make whole Webster by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and

other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Milwaukee County to make whole Webster by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 6 and 51, above, in amounts to be determined at trial.

E. Order Milwaukee County to make whole Webster by providing compensation for past and future nonpecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraphs 6 and 51, above, in amounts to be determined at trial.

F. Order Milwaukee County to pay Webster punitive damages for its malicious and reckless conduct, as described in paragraphs 6 and 51, above, in amounts to be determined at trial.

G. Order Milwaukee County to pay Webster the reasonable attorney's fees and costs incurred as a result of brining this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

Webster requests a jury trial on all questions of fact raised by this complaint.

Dated at Milwaukee, Wisconsin this 30th day of May, 2008.

By: /s/ Christopher M. Kloth
Christopher M. Kloth
SBN: 1061498
Cross Law Firm, S.C.
Lawyers' Building
845 North 11th Street
Milwaukee, WI 53233
(414) 224-0000
(414) 273-7055 (facsimile)

10